WILLIAM A. PINTARD, Respondent, v. CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant. WILLIAM A. PINTARD and JANE FREER PINTARD, Respondents, v. CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant.— Two actions. Appeal from an order in each action granting an examination before trial. The actions are brought to restrain defendant from flooding lands pleaded to be the property of plaintiffs, and for damages. The answers as to each of the causes of action plead that the flooding of plaintiffs' premises was a lawful exercise of easements to which plaintiffs' lands are subject, and that the premises are held subject to the easements of defendant. With the issues thus tendered, the orders are not too broad and properly permit examination as to the source of defendant's easements and flowage rights. Orders unanimously affirmed, with twenty-five dollars costs in one appeal and disbursements. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

LAURA DOWSE HETTINGER, Respondent, v. BROTHERHOOD OF RAILROAD TRAIN-MEN INSURANCE DEPARTMENT (an Ohio Fraternal Benefit Association), Appellant. — This is an appeal from an order of affirmance and judgment of the Albany County Court affirming the judgment of the Albany City Court. The action is brought to recover the sum of $500, the principal amount due under a fraternal benefit insurance certificate issued to the defendant Frederick A. Hettinger. The cause of action is predicated upon the allegation that while the respondent was never named as the beneficiary of this certificate she is nevertheless entitled to the benefits thereof as the lawful wife of the deceased, Frederick A. Hettinger. The facts are not in dispute. The defense is that the defendant in good faith paid the principal sum of the policy to a person who was designated by the insured as the beneficiary of the policy and who was designated as his wife. The provisions of the General Code of the State of Ohio and the rules and constitution of the appellant, which are admitted, and which are a part of the contract, made the plaintiff the person to whom the certificate should have been paid. The insured's fraud in designating as beneficiary a woman whom he described as his wife and the previous payment to her by the defendant does not constitute a defense to the claim of the lawful wife. (*Duenser* v. *Supreme Council of the Royal Arcanum*, 262 Ill. 475; 104 N. E. 801.) Judgment appealed from unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.